UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN MURRAY,<br>           Plaintiff<br><br>v.<br><br>HARBORVIEW HOTELS ASSOCIATES<br>LIMITED PARTNERSHIP, WILLIAM H.<br>ROBERTS, JACK A. VANWOERKOM<br>AND JONATHAN W. WEXLER,<br>TRUSTEES OF KHA REALTY TRUST<br>AND MARTHA'S VINEYARD<br>ASSOCIATES LIMITED PARTNERSHIP,<br>           Defendants | C.A. No. 05-10800-RCL |

## AMENDED COMPLAINT AND CLAIM FOR TRIAL BY JURY

### THE PARTIES

1. The plaintiff is an individual with a residence in Venice, Los Angeles County, CA.

2. The defendant Harborview Hotels Associates Limited Partnership is a Massachusetts limited partnership with a place of business in Edgartown, Dukes County, MA.

3. The defendants William H. Roberts, Jack A. Vanwoerkom and Jonathan W. Wexler are the Trustees of KHA Realty Trust u/d/t dated September 28, 1990 and recorded in the Dukes County Registry of Deeds at Registration Book 42 Page 159 which is the owner of certain real estate located in Edgartown, Dukes County, MA.

4. The defendant Martha's Vineyard Associates Limited Partnership is a foreign limited partnership registered to do business in the Commonwealth of Massachusetts with places of business in Jericho, NY and Edgartown, Dukes County, MA.

### JURISDICTION

5. This action is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, in that there is a complete diversity of citizenship between the plaintiff and the

defendants, and the amount in controversy exceeds the value of $75,000.00 exclusive of interest and costs in this action.

**FACTS COMMON TO ALL COUNTS**

6. On September 15, 2002 and September 16, 2002 the defendant Harborview Hotels Associates Limited Partnership was in possession of certain real estate located at 131 North Water Street in Edgartown, MA that was open to the public for business purposes ("the premises"), to wit: A hotel known as the Harbor View Hotel with a restaurant and bar including a lounge known as the "Cigar Bar".

7. On September 15, 2002 and September 16, 2002 the defendants William H. Roberts, Jack A. Vanwoerkom and Jonathan W. Wexler, Trustees of KHA Realty Trust were the owners of certain real estate located at 131 North Water Street in Edgartown, MA that was open to the public for business purposes ("the premises"), including a hotel known as the Harbor View Hotel with a restaurant and bar including a lounge known as the "Cigar Bar".

8. On September 15, 2002 and September 16, 2002 the defendants William H. Roberts, Jack A. Vanwoerkom and Jonathan W. Wexler, Trustees of KHA Realty Trust were in possession of certain real estate located at 131 North Water Street in Edgartown, MA that was open to the public for business purposes ("the premises"), to wit: A hotel known as the Harbor View Hotel with a restaurant and bar including a lounge known as the "Cigar Bar".

9. On September 15, 2002 and September 16, 2002 the defendant Martha's Vineyard Associates Limited Partnership was in possession of certain real estate located at 131 North Water Street in Edgartown, MA that was open to the public for business purposes ("the premises"), to wit: A hotel known as the Harbor View Hotel with a restaurant and bar including a lounge known as the "Cigar Bar".

10. On the same dates the plaintiff was a lawful guest and paying patron of the defendant Harborview Hotels Limited Partnership at the premises in connection with an annual celebrity awards ceremony for Comedy Central.

11. On the same dates the plaintiff was a lawful guest and paying patron of the defendants William H. Roberts, Jack A. Vanwoerkom and Jonathan W. Wexler, Trustees of KHA Realty Trust at the premises in connection with an annual celebrity awards ceremony for Comedy Central.

12. On the same dates the plaintiff was a lawful guest and paying patron of the defendant Martha's Vineyard Associates Limited Partnership at the premises in connection with an annual celebrity awards ceremony for Comedy Central.

13. On the same dates, the defendant Harborview Hotels Associates Limited Partnership, its agents, servants and employees permitted an individual named James Crowley to enter the premises.

14. On the same dates, the defendants William H. Roberts, Jack A. Vanwoerkom and Jonathan W. Wexler, Trustees of KHA Realty Trust, their agents, servants and employees permitted an individual named James Crowley to enter the premises.

15. On the same dates, the defendant Martha's Vineyard Associates Limited Partnership, its agents, servants and employees permitted an individual named James Crowley to enter the premises.

16. At the time of his entry and at all times pertinent hereto, James Crowley was intoxicated, belligerent and posed a danger to other patrons on the premises.

17. On the same dates the defendant Harborview Hotels Associates Limited Partnership, its agents, servants and employees served alcoholic beverages to Crowley on the premises.

18. On the same dates the defendants William H. Roberts, Jack A. Vanwoerkom and Jonathan W. Wexler, Trustees of KHA Realty Trust, their agents, servants and employees served alcoholic beverages to Crowley on the premises.

19. On the same dates the defendant Martha's Vineyard Associates Limited Partnership, its agents, servants and employees served alcoholic beverages to Crowley on the premises.

20. As a result thereof, Crowley became more intoxicated, more belligerent and posed an even greater danger to other patrons on the premises.

21. As a result thereof, Crowley made certain threats of bodily harm to the plaintiff.

22. As a result thereof, Crowley committed a vicious assault on the plaintiff.

### COUNT I
### (JOHN MURRAY VS. HARBORVIEW HOTELS LIMITED PARTNERSHIP)

23. The aforesaid assault was caused by the negligence and carelessness of the defendant Harborview Hotels Associates Limited Partnership, including but not limited to its conduct in permitting Crowley to enter and remain on the premises; serving alcoholic beverages to Crowley on the premises; failing to take adequate precautions to provide proper security and safety to its patrons on the premises; and failing to intercept, prevent or stop the vicious assault of the plaintiff on the premises.

24. As a result thereof, the plaintiff was injured, was prevented from transacting his business, suffered great pain of body and mind and incurred expenses for medical treatment and hospitalization in excess of $14,000.00.

WHEREFORE, the plaintiff demands judgment against the defendant Harborview Hotels Associates Limited Partnership, in an amount fair and reasonable to compensate him for his injuries with interest and costs of this action.

## COUNT II
## (JOHN MURRAY VS. WILLIAM H. ROBERTS, JACK A. VANWOERKOM AND JONATHAN W. WEXLER, TRUSTEES OF KHA REALTY TRUST)

25. The aforesaid assault was caused by the negligence and carelessness of the defendants William H. Roberts, Jack A. Vanwoerkom and Jonathan W. Wexler, Trustees of KHA Realty Trust, including but not limited to their conduct in permitting Crowley to enter and remain on the premises; serving alcoholic beverages to Crowley on the premises; failing to take adequate precautions to provide proper security and safety to their patrons on the premises; and failing to intercept, prevent or stop the vicious assault of the plaintiff on the premises.

26. As a result thereof, the plaintiff was injured, was prevented from transacting his business, suffered great pain of body and mind and incurred expenses for medical treatment and hospitalization in excess of $14,000.00.

WHEREFORE, the plaintiff demands judgment against the defendants William H. Roberts, Jack A. Vanwoerkom and Jonathan W. Wexler, Trustees of KHA Realty Trust in an amount fair and reasonable to compensate him for his injuries with interest and costs of this action.

## COUNT III
## (JOHN MURRAY VS. MARTHA'S VINEYARD ASSOCIATES LIMITED PARTNERSHIP)

27. The aforesaid assault was caused by the negligence and carelessness of the defendant Martha's Vineyard Associates Limited Partnership, including but not limited to its conduct in permitting Crowley to enter and remain on the premises; serving alcoholic beverages to Crowley on the premises; failing to take adequate precautions to provide proper security and safety to its patrons on the premises; and failing to intercept, prevent or stop the vicious assault of the plaintiff on the premises.

28. As a result thereof, the plaintiff was injured, was prevented from transacting his business, suffered great pain of body and mind and incurred expenses for medical treatment and hospitalization in excess of $14,000.00.

WHEREFORE, the plaintiff demands judgment against the defendant Martha's Vineyard Associates Limited Partnership in an amount fair and reasonable to compensate him for his injuries with interest and costs of this action.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.**

Respectfully Submitted,

CHARLES A. MURRAY, P.C.

*/s/ Charles A. Murray*

By: Charles A. Murray, III
700 Pleasant Street
New Bedford, MA 02740
(508) 984-8500
BBO#: 364240