UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10800-RCL

---

John Murray,
    Plaintiff

v.

Harborview Hotels Associates Limited Partnership,
William H. Roberts, Jack A. Vanwoerkom and
Jonathan W. Wexter, Trustees of KHA Realty Trust
And Martha's Vineyard Associates, LP,
    Defendants

---

### Answer to the Amended Complaint of the Defendants
### 1) Harborview Hotels Associates Limited Partnership,
### 2) William H. Roberts, Jack A. Vanwoerkom and Jonathan W. Wexter,
### Trustees of KHA Realty Trust, and
### 3) Martha's Vineyard Associates, LP
### and Demand for Trial by Jury

Harborview Hotels Associates Limited Partnership, William H. Roberts, Jack A. Vanwoerkom and Jonathan W. Wexter, Trustees of KHA Realty Trust, and Martha's Vineyard Associates, LP ("defendants"), improperly denominated and denying each and every allegation of the complaint unless specifically admitted, answers each numbered paragraph as follows.

    As to paragraph 1, defendants are without sufficient information to form a belief as to the truth of the allegations and calls upon the plaintiff to prove the same.

    As to paragraph 2, defendants are without sufficient information to form a belief as to the truth of the allegations and calls upon the plaintiff to prove the same.

    As to paragraph 3, defendants admit the allegations.

    As to paragraph 4, defendants admit the allegations.

    As to paragraph 5, defendants deny the allegations.

    As to paragraph 6, defendants deny the allegations.

As to paragraph 7, defendants deny the allegations.

As to paragraph 8, defendants deny the allegations.

As to paragraph 9, defendants deny the allegations.

As to paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20, defendants deny the allegations.

As to paragraphs 21 and 22, defendants are without sufficient information to form a belief as to the truth of the allegations and calls upon the plaintiff to prove the same.

As to paragraphs 23 and 24, defendants deny the allegations.

As to paragraphs 25 and 26, defendants deny the allegations.

As to paragraphs 27 and 28, defendants deny the allegations.

WHEREFORE, defendants deny that the plaintiff is entitled to judgment in any amount and further prays this Honorable Court to enter judgment for the defendant plus costs, interest and attorneys' fees.

## *AFFIRMATIVE DEFENSES*

1. By way of affirmative defense, defendants say that venue is improper. F. R. Civ. P. 12 (b) (3).

2. By way of affirmative defense, defendants say that the court lacks jurisdiction because the amount in controversy does not exceed $75,000, exclusive of interest and costs. F. R. Civ. P. 12 (b).

3. By way of affirmative defense, defendants say that there was insufficiency of process. F. R. Civ. P. 12 (b) (4).

4. By way of affirmative defense, defendants say that there was insufficiency of service of process. M. R. Civ. P. 12 (b) (5).

5. By way of affirmative defense, defendants say that there is a misnomer of a party. F. R. Civ. P. 12 (b) (8).

6. By way of affirmative defense, defendants say that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct

defendants were not and are not legally responsible.

7. By way of affirmative defense, defendants say that the negligence of the plaintiff was greater than the alleged negligence of defendants and that such negligence of the plaintiff contributed to his alleged injury and, therefore, the plaintiff is barred from recovery under M.G.L. c. 231, §85.

8. By way of affirmative defense, defendants say that the plaintiff was comparatively negligent and that the damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to the negligence of the plaintiff in accordance with M.G.L. c. 231, §85.

9. By way of affirmative defense, defendants deny that they were negligent in any manner.

10. By way of affirmative defense, defendants say that at the time of the alleged accident, the plaintiff was not in the exercise of due care and therefore the plaintiff may not recover.

11. By way of affirmative defense, defendants say that plaintiff has unreasonably failed to mitigate damages.

**DEFENDANT DEMANDS A JURY TRIAL AS TO ALL ISSUES.**

Harborview Hotels Associates Limited Partnership, William H. Roberts, Jack A. Vanwoerkom and Jonathan W. Wexter, Trustees of KHA Realty Trust, and Martha's Vineyard Associates, LP
By their Attorneys,

John H. Stevens, BBO#480100
Law Office of Pamela Storm
10 Post Office Sq., Suite 1155
Boston, MA 02109
617-556-0200